The bill of complaint unites several causes of action which fall into two groups — one founded on the Municipal Mechanics' Lien Law; the other group sounding in fraud. The Housing Authority of the City of Newark is a governmental agency formed pursuant to the Local Housing Authority Law, P.L. 1938 p. 65;R.S. 55:14A-1, c. It entered into a contract with the six individual defendants whereby *Page 342 
they were employed to act as architects, landscape architects and engineers in the designing and supervising the erection and construction of housing projects known as Seth Boyden Court, Pennington Court, Baxter Terrace, and Stephen Crane Village. In turn, the architects employed complainant to do a part of the work, planning and supervising the landscaping. He alleges that he has substantially completed his task, but has not been paid.
The statute on which complainant relies gives a lien to one who performs labor or furnishes materials "in pursuance of or conformity with the terms of any contract for any public improvement made between any person and a public agency." R.S.2:60-184. The Housing Authority is a "public agency," and the housing projects are "public improvements." But was the employment of the architects a contract for a public improvement, within the meaning of the statute? Unless it was, complainant has no lien.
Under the general Mechanics' Lien Law, R.S. 2:60-105, which provides a lien "for labor performed or materials furnished" for the erection of a building, an architect who designs it and supervises the construction, has a lien. Mutual Ben. LifeInsurance Co. v. Rowand, 26 N.J. Eq. 389; Tuick v. Allard,87 N.J. Law 721. But these decisions throw little light on the problem before me. The real question is, What did the legislature mean by a contract for a public improvement? In common thought, it is a contract for the actual construction of the work; it is one which must be secured by a completion bond. R.S. 2:60-207
and 208. And the money in the contractor's hands is a trust fund. R.S. 2:60-212. One which must be awarded to the lowest bidder after advertising. R.S. 40:25-2 and 40:50-1. Even though the statutes just cited by their terms include contracts "for the doing of any work, or for the furnishing of any material or labor," they do not govern contracts of employment which involve peculiar professional education and experience, such as the employment of accountants to audit the city's books, or engineers to design an electric power plant. Heston v.Atlantic City, 93 N.J. Law 317; Franklin v. Horton,97 N.J. Law 25. *Page 343 
In my opinion, the employment contract of the architects was not a contract for a public improvement and hence complainant has no lien under the statute.
The other counts of the bill set forth that complainant was led into his contract with the architects by their false representations. He prays a decree for damages. Complainant must look to a court of law, since the remedy there is plain, adequate and complete. Krueger v. Armitage, 58 N.J. Eq. 357; Eggers v.Anderson, 63 N.J. Eq. 264.
Let the bill be dismissed.